**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

NOV 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACOB HOWARD, | No. 10-56241 |
| Plaintiff - Appellant, | D.C. No. 2:01-cv-05689-JFW-CW |
| v. | |
| BERNADETTE GAMBINO, LA Sheriff Dept Chief Medical Officer LA County Jail; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Jacob Howard appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his serious medical needs while a pretrial detainee at Los Angeles County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We reverse and remand.

Defendants have not met their burden of proving that Howard's action should be dismissed for failure to exhaust administrative remedies, where they relied on a declaration by their attorney stating that she reviewed documents contained in her office file, rather than conducting a complete search of the jail's tracking system for inmate grievances and their dispositions. *See id.* at 1116-17, 1119-20 (the PLRA does not impose a pleading requirement but a defense, and an incomplete record is inadequate to establish nonexhaustion). Defendants also failed adequately to address Howard's arguments that he did not receive a response to his excessive force grievance and that additional remedies were therefore unavailable. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (concluding that "a prisoner need not press on to exhaust further levels of review once he has [] received all 'available' remedies"). Accordingly, we reverse the judgment, and remand for further proceedings.

2

We do not consider arguments raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**REVERSED and REMANDED.**